## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Small Business Subchapter V) |
| STA TRAVEL, INC.,[1] | Case No. 21-10511 (BLS) |
| Debtor. | Re. D.I. 148, 177 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING AMENDED PLAN OF LIQUIDATION OF STA TRAVEL, INC.[2]

Whereas, STA Travel, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Chapter 11 Case"), has:

    i.    commenced the Chapter 11 Case by filing a petition under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on March 3, 2021 in the United States Bankruptcy Court for the District of Delaware (the "Court");

    ii.    operated its business as debtor and debtor-in-possession under Bankruptcy Code sections 1107 and 1108;

    iii.    on December 10, 2021, filed its Amended Plan of Liquidation of STA Travel, Inc. (as amended, supplemented, or otherwise modified from time to time, the "Plan") [D.I. 148];

    iv.    on January 10, 2022, obtained entry of the Order (I) Scheduling the Plan Confirmation Hearing; (II) Setting an Objection Deadline for the Plan; (III) Approving Form of Notice Regarding the Hearing on Plan Confirmation; (IV)

---

[1] The last four digits of the Debtor's federal employer identification number are 1323. The Debtor's mailing address is 6501 E Greenway Pkwy, #103-429, Scottsdale, AZ 85254.

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Plan.

Approving Form of Ballot; and (V) Setting a Voting Deadline to Accept or Reject the Plan (the "Plan Scheduling Order") [D.I. 160];

    v.    filed, on February 23, 2022, the Plan Ballot Summary and the Declaration of Kim D. Steverson to certify the tabulation of votes in connection with the Plan (the "Ballot Summary") [D.I. 170];

    vi.    filed, on February 23, 2022, the Debtor's Brief in Support of Confirmation of Amended Plan of Liquidation of STA Travel, Inc. (the "Confirmation Brief") [D.I. 169];

And this Court having:

    i.    set the Voting Deadline for February 21, 2022 and the Confirmation Hearing for February 28, 2022;

    ii.    reviewed the Plan, all exhibits to the Plan, the Confirmation Brief, and the Ballot Summary, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation;

    iii.    held the Confirmation Hearing;

    iv.    heard the statements, arguments, and objections made by counsel with respect to Confirmation;

    v.    considered all testimony, documents, filings, and other evidence presented or admitted at the Confirmation Hearing;

NOW, THEREFORE, the Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and the Court having found the record of this Chapter 11 Case and the

2

legal and factual bases set forth in the documents filed in support of Confirmation and all evidence proffered or adduced by counsel at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law, and order (this "<u>Confirmation Order</u>"):

<b><u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u></b>

<b>IT IS HEREBY FOUND AND DETERMINED THAT:</b>

1.      The findings of fact and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such. To the extent any finding of fact or conclusion of law set forth herein (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Court, it is adopted as such.

2.      <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a Final Order determining that the Plan complies with the applicable provisions of the

Bankruptcy Code and should be confirmed and approved. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

3.      <u>Transmittal and Mailing of Materials; Notice.</u> The Debtor provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing and the time fixed for filing objections to plan confirmation to all entities entitled to receive that notice, including all of the Debtor's known creditors. That notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process. That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Bankruptcy Rules; (c) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and (d) all relevant orders of the Court.

4.      <u>Solicitation.</u> The Debtor conducted its solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in good faith. In addition, the solicitation, distribution, and tabulation complied with the Amended Scheduling Order; all applicable provisions of the Bankruptcy Rules; all applicable provisions of the Bankruptcy Code; and all other applicable laws, rules, and regulations. Among other things, the Debtor transmitted the Plan to all known Persons who hold claims or interests and that are impaired under the Plan and who are therefore entitled to vote on the Plan.

5.      <u>Ballot Summary.</u> As evidenced in the Ballot Summary thereby, the procedures used to tabulate ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations. As evidenced by the Ballot Summary, Class 2 (General Unsecured Claims) – the only Impaired Class under the Plan – voted to accept the Plan in accordance with section 1126 of the Bankruptcy Code. Based on the foregoing, and as evidenced by the Ballot Summary, the only

4

Impaired Class of Claims has voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

6.　　　<u>Burden of Proof.</u> The Debtor, as proponent of the Plan, has met its burden of proving all of the requirements of a consensual plan under section 1191(a), including each required elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for Confirmation. Further, the Debtor has proven each required element of section 1129 of the Bankruptcy Code by clear and convincing evidence.

7.　　　<u>Compliance with the Requirements of Section 1129 of the Bankruptcy Code.</u> The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as more particularly set forth below and in the Court's oral findings of facts and conclusions of law:

    a.　11 U.S.C. § 1129(a)(1) - The Plan complies with all of the applicable provision of the Bankruptcy Code, including sections 1122 and 1123.

    b.　11 U.S.C. § 1129(a)(2) - The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

    c.　11 U.S.C. § 1129(a)(3) - The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

    d.　11 U.S.C. § 1129(a)(4) - Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of the Court, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

LEGAL\56379613\2

e.  11 U.S.C. § 1129(a)(5) - The Plan is a liquidating plan, and section 1129(a)(5) is inapplicable to the Chapter 11 Case and the Plan.

f.  11 U.S.C. § 1129(a)(6) - There are no rates applicable to the Debtor's business or otherwise, over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable and satisfied.

g.  11 U.S.C. § 1129(a)(7) - The Plan provides that each holder of a Claim in Class 2 (General Unsecured Claims) – the only Impaired Class – shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date. The Court finds that each holder of a Class 2 (General Unsecured Claim) will receive a distribution on account of such Claim under the Plan that is more than such holder would receive or retain if the Debtor was liquidated in a chapter 7 proceeding. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

h.  11 U.S.C. § 1129(a)(8) – Class 2 (General Unsecured Claims) – the only class that is impaired and entitled to vote – has voted in favor of the Plan. Thus, the Plan satisfies section 1129(a)(8) of the Bankruptcy Code.

i.  11 U.S.C. § 1129(a)(9) - The Plan's treatment of Administrative Claims and Priority Tax Claims satisfies the requirements of Sections 1129(a)(9) of the Bankruptcy Code.

LEGAL\56379613\2

j.  11 U.S.C. § 1129(a)(10) - Class 2 is impaired and has voted to accept the Plan. Specifically, 90% of the votes cast by Class 2 voted to accept the Plan. Thus, the Plan satisfies Section 1129(a)(10) of the Bankruptcy Code.

k.  11 U.S.C. § 1129(a)(11) - The Debtor satisfied its burden to show that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

l.  11 U.S.C. § 1129(a)(12) - There are no fees payable under section 1930 of title 28. Accordingly, section 1129(a)(12) of the Bankruptcy Code is inapplicable to the Chapter 11 Case and the Plan.

m.  11 U.S.C. § 1129(a)(13) – The Debtor does not currently provide any retiree benefits, as that term is defined in Bankruptcy Code section 1114. As such, this Section is not applicable to the Plan and is satisfied.

n.  11 U.S.C. § 1129(a)(14) – Because the Debtor is a corporation and has no domestic support obligations, this section is not applicable to the Plan and is satisfied.

o.  11 U.S.C. § 1129(a)(15) – Pursuant to section 1181(a) of the Bankruptcy Code, Section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Subchapter V case. Thus, this Section is not applicable to the Plan and is satisfied.

p.  11 U.S.C. § 1129(a)(16) – This section is not applicable to the Plan and is satisfied.

q.  11 U.S.C. § 1129(c) – Pursuant to section 1181(a) of the Bankruptcy Code, section 1129(c) of the Bankruptcy Code is inapplicable in this Subchapter V case. Thus, this section is not applicable to the Plan and is satisfied.

r.  11 U.S.C. § 1129(d) – The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the applicable provision of Section 5 of the Securities Act of 1933. Thus, this provision has been satisfied.

## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

8.    The Plan is confirmed as a consensual plan under section 1191(a) of the Bankruptcy Code, and the Plan is incorporated into this Confirmation Order as an exhibit. In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

9.    The provisions of the confirmed Plan and this Confirmation Order bind the Debtor, the Liquidating Trust, and all creditors.

10.    The Debtor or the Liquidating Trust, as the case may be, are authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents. To effectuate these transactions and the Plan, the Debtor or Liquidating Trust, as the case may be, are authorized—without further notice or application to or order of this Court—to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation

8

Order. To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholder of the Debtor or Liquidating Trust, this Confirmation Order constitutes that consent and approval.

11.      Each Executory Contract or Unexpired Lease not otherwise assumed prior to the date of this Order hereby is deemed rejected as of the date of this Order.

12.      The Confirmation of the Plan vests, as of the Effective Date, all property of the Debtor's Estate in the Liquidating Trust as provided in the Plan free and clear of all Claims, liens or other encumbrances (except as expressly provided in the Plan) and, commencing on the Effective Date, the Liquidating Trust may use, acquire, or dispose of property or settle or compromise claims without Court supervision and free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Rules.

13.      Except as otherwise provided in this Confirmation Order or the Plan, the treatment set forth in the Plan shall be in full and complete satisfaction of the legal, contractual, and equitable rights that each entity or Person holding a claim or an equity interest may have in or against the Debtor, the Estate, the Liquidating Trust, or their respective property. This treatment supersedes and replaces any agreements or rights those entities or Persons may have in or against the Debtor, the Estate, the Liquidating Trust, or their respective property.

14.      Except as otherwise provided in the Plan, on the Effective Date, the Estate's claims and causes of action pursuant to chapter 5 of the Bankruptcy Code shall be transferred and assigned to the Liquidating Trust, free and clear of all liens and claims against the Debtor and Liquidating Trust and all equity interests in the Debtor and Liquidating Trust, except as otherwise set forth in the Plan.

15.    Claim holders shall not receive any distribution from the Estate or Liquidating Trust other than as specifically set forth in the Plan.

16.    On and after the Effective Date, the Debtor, the Liquidating Trust, and the Debtor's current officers, directors, and managers, and professionals employed in each Estate shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor, its Estate, the Liquidating Trust, and any Persons seeking to exercise the rights of the foregoing, from any and all claims, obligations, rights, suits, judgments, damages, demands, debts, rights, causes of action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtor, its Estate, or the Liquidating Trust, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that the Debtor, its Estate, the Liquidating Trust, or its affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Persons, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, its Estate, the formation, operation, and conduct of the Debtor's businesses, this Chapter 11 Case, the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and causes of action under Chapter 5 of the Bankruptcy Code or any other avoidance actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or causes of action; provided that nothing in this release shall be construed to release any post-Effective Date obligations of any Persons under the Plan.

LEGAL\56379613\2

17.    The provisions of the Plan and this Confirmation Order shall be binding on the Debtor, the Liquidating Trust, the Estate, the Subchapter V Trustee, and any entity acquiring property under the Plan, and any and all of each Estate's creditors, equity holders, and/or any other claim and/or interest holder, including, without limitation, the holder of any claim of a kind specified in 11 U.S.C. § 502(g), (h) or (i), whether or not: (a) a proof of claim based on such a debt is filed or deemed filed under 11 U.S.C. § 501; (b) such claim is allowed under 11 U.S.C. § 502; or (c) the holder of such claim has accepted the Plan.

18.    Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan and this Confirmation Order shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

19.    Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014, the terms and provisions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

20.    The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

21.    Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the Chapter 11 Case, all matters arising out

of or related to the Chapter 11 Case and the Plan, the matters set forth in Section 6.6 of the Plan, and other applicable provisions of the Plan, including jurisdiction to: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under Bankruptcy Code section 1193; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

22.     If this Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this Confirmation Order will not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

23.     The Liquidating Trust shall mail a notice of the entry of this Confirmation Order and of the occurrence of the Effective Date to all creditors of record.

24.     Notwithstanding any Bankruptcy Rule (including, without limitations, Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014), this Confirmation Order is effective immediately upon entry and not subject to any stay.

25.     This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.

Dated: March 2nd, 2022
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

12